RECEIVED

DEC - 9 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 06-60059/01-04 |
| VERSUS | JUDGE DOHERTY |
| GEORGE CELESTINE (01)<br>SIDNEY GALLIEN (02)<br>TELLY GALLIEN (03)<br>TRAVIS GALLIEN (04) | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court are the following motions: (1) "Defendant's Second Motion to Dismiss Indictment," filed by George Celestine [Doc. 224]; (2) "Motion and Incorporated Memorandum to Dismiss Indictment or Alternatively to Discharge Telly Gallien from Custody," filed by Telly Gallien [Doc. 226]; (3) "Motion to Adopt Co-Defendant's Second Motion to Dismiss Count of the Indictment and the Accompanied Memorandum in Support of the Second Motion to Dismiss the Indictment and Co-Defendant Telly Gallien's Motion to Dismiss Defendant from Custody" filed by Sidney Gallien [Doc. 227]; and (4) "Motion to Adopt and Join Co-Defendant's Motions to Dismiss" filed by Travis Gallien [Doc. 229]. In the motions, the defendants move to dismiss the Indictment, with prejudice, "because of the violation of [their] Sixth Amendment right to a speedy trial; the failure to comply with the dictates of Federal Rules of Criminal Procedure Rule 32(b)(1); [and] the disregard for [their] other constitutional, statutory and jurisprudentially recognized speedy trial and due process rights." Telly Gallien also moves alternatively for

"discharge from custody."[1] Because the condition of Mr. Gallien's release requiring pre-trial supervision has already been removed, this portion of Mr. Gallien's motion is DENIED AS MOOT.

Although this Court notes it has dealt with matters pertaining to the Speedy Trial Act in numerous previously-issued rulings in this case, it appears the instant motions concern the arguments of the defendants – who have already pled guilty to certain charged offenses -- that their speedy trial rights have been violated due to a delay in their sentencings. In order to provide a full contextual basis for the posture of the case in which the defense arguments are presented, a review of the procedural history of this case is in order.

## I. Procedural History

This case has had a long and tortuous history. The government re-indicted this case on September 15, 2006.[2] All four defendants were named in a 12-count indictment filed in this district charging them with Conspiracy to Distribute Cocaine and Cocaine Base (Crack) in violation of 21 U.S.C. §846 and various counts of Possession with Intent to Distribute Cocaine Base (Crack) and Cocaine (Powder) in violation of 21 U.S.C. §§841(a)(1) and b(1)(A), (b)(1)(C). The defendants made their Initial Appearances on October 5, 2006. On October 18, 2006, defendant George Celestine filed a Motion to Extend Deadline for Filing Pre-Trial Motions [Doc. 54]; Mr. Celestine's co-defendants then filed similar motions [Docs. 56, 57 & 58], all of which were granted on October 23, 2006. The defendants' new deadline for filing motions was November 11, 2006. On November 6, 2006, all defendants filed a motion to continue the case, which was granted on November 7, 2006.

---

[1] At the time the defense motions were filed, Mr. Gallien was not detained, but rather, was free on bond, subject to certain conditions of release.

[2] The previous indictment, *United States v. George Celestine, et al.*, Criminal No. 01-60127, was dismissed on the government's oral motion to dismiss the indictment with respect to all defendants without prejudice, which was granted by this Court on June 27, 2006.

Between October 24 and November 17, 2007, the defendants filed Motions to Dismiss the Indictment [Docs. 64, 74, 75 & 76] and to continue the trial [Doc. 70]. After considering all objections and additional briefing by the parties, on July 7, 2008, in a 154-page ruling, this Court essentially denied the motions to dismiss [Docs. 114 & 115] and on August 11, 2008, set the matter for trial on March 3, 2009.

On February 19, 2009, Mr. Celestine filed a motion requesting that additional counsel be allowed to enroll for the purpose of filing a Motion to Dismiss Indictment [Doc. 137]. This Court denied that motion on February 20, 2009 [Doc.. 139]. On February 23, 2009, Mr. Celestine filed a second motion requesting that additional counsel be allowed to enroll for the purpose of filing a Motion to Dismiss Indictment, and on the same date, filed a second Motion to Dismiss [Docs. 142 & 143]. The Motion to Dismiss was denied, and the motion to enroll counsel was denied as moot [Docs. 148 & 149].

This Court conducted a full pre-trial conference in this matter, and a jury pool was summoned. On March 3, 2009, the first day of trial, all defendants entered guilty pleas prior to the empaneling of a jury. Specifically, George Celestine pled guilty to Count I of the Indictment, charging him with Conspiracy to Distribute Cocaine and Cocaine Base (Crack) in violation of 21 U.S.C. §§846 and 841(a)(1). Defendants Sidney Gallien, Telly Gallien, and Travis Gallien each pled guilty to Count I of a Bill of Information charging each defendant with Possession with Intent to Distribute Cocaine Base (Crack) in violation of 21 U.S.C. §841(a)(1).

Between May 26 and May 28, 2009, this Court received the final Pre-Sentence Investigation Reports ("PSIs") from the United States Probation Office with respect to the defendants and issued Minute Entries instructing the defendants to file briefs to support their positions as to the sentences

they deemed appropriate. The only defendant to timely submit objections to the PSI was defendant George Celestine. What followed was a flurry of motions, both to file out-of-time objections to the PSIs, and for extensions of time to file sentencing memoranda, as follows:

### *George Celestine*

On June 5, 2009, defendant George Celestine filed a motion for extension of time to file a sentencing memorandum [Doc. 194]. That motion was granted on June 8, 2009, giving Mr. Celestine until July 15, 2009 to file a sentencing memorandum. Mr. Celestine filed his sentencing memorandum on July 15, 2009.

### *Sidney Gallien*

On May 28, 2009, defendant Sidney Gallien filed a motion for extension of time to file objections to the PSI [Doc. 185]. In an Order issued on May 29, 2009, this Court granted Sidney Gallien's motion for extension of time, making objections due on or before June 5, 2009 [Doc. 189]. On June 5, 2009, Sidney Gallien filed objections to the PSI under seal [Doc. 193]. Thereafter, on June 16, 2009, Sidney Gallien filed a motion for extension of time to file a sentencing memorandum and requesting a hearing on other relevant conduct at sentencing. [Doc. 198]. By order dated June 22, 2009, this Court granted Sidney's request for an extension of time, giving him until July 15, 2009 to file his sentencing memorandum. On June 29, 2009, this Court received an addendum to the PSI from the probation officer, with attached objections from Sidney Gallien. On July 15, 2009, this Court received Sidney Gallien's sentencing memorandum.

### *Travis Gallien*

On May 29, 2009, Travis Gallien filed a motion for extension of time to file "factual" objections to the PSI [Doc. 187]. Travis Gallien's motion was denied as moot [Doc. 192], the Court

noting that objections to the PSI had already been delivered to chambers. On June 3, 2009, this Court received a copy of Travis Gallien's objections to the PSI, and on June 10, 2009, this Court received defendant's sentencing memorandum. On June 17, 2009, the court received an addendum from the probation officer, with attached objections from defendant Travis Gallien.

### *Telly Gallien*

On June 4, 2009, Telly Gallien filed a motion for extension of time to file objections to the PSI and to submit defendant's sentencing memorandum [Doc. 191]. That motion was granted on June 5, 2009, giving Telly Gallien an extension of time until June 14, 2009 to file objections to the PSI [Doc. 196]. On June 26, 2009, this Court received an addendum to Telly Gallien's PSI from the probation officer, with incorporated objections from the defendant. On June 29, 2009, Telly Gallien filed a motion for an extension of time to file a sentencing memorandum [Doc. 206]. By order dated June 30, 2009, this Court granted the foregoing motion, extending the deadline to July 15, 2009. On July 15, 2009, this Court received Telly Gallien's sentencing memorandum.

On July 17, 2009, the government filed a motion for extension of time to respond to Mr. Celestine's sentencing memorandum, which was granted by the Court on July 20, 2009 [Doc. 212]. On August 20, 2009, the government filed a second motion for an extension of time, this time to request that it be permitted to respond to all defense sentencing memoranda in one government memorandum – and requesting additional time to do so – and further requesting additional time to obtain the "exhibits" and "evidence" referenced in Mr. Celestine's sentencing memorandum [Doc. 218]. The foregoing motion was granted on August 25, 2009 [Doc. 219]. In the Court's order, the Court ordered all defendants to provide a copy of their sentencing memoranda to the government within ten (10) days, and that *after* all defendants' exhibits and/or evidence had been received, and

5

sentencing memoranda had been submitted to the government, the government would have an additional thirty (30) days to respond to the defendants' sentencing memoranda.

On February 12, 2010, this Court received an email from U.S. Attorney Stephanie Finley explaining that the "defense" had not submitted any exhibits. Ms. Finley further stated that although she had asked for the exhibits on a number of occasions, she had received nothing in response. On July 28, 2010, this Court's staff contacted Jennifer Broussard in the United States Attorney's Office regarding the status of the government's response to the defendants' sentencing memoranda. Ms. Broussard stated she was sending an email to Ms. Finley and her supervisor, letting them know the Court was inquiring about the status of the case. This Court attempted to contact Ms. Broussard again on December 29, 2010, but Ms. Broussard was out of the office until the following Monday, January 3, 2011. This Court's staff then sent an email requesting the status of the government's sentencing memorandum. The Court was contacted and informed that Ms. Finley was meeting with William Dauphin, Travis Gallien's attorney, the following week.

On August 19, 2011, this Court's staff contacted Ms. Mona Hardwick in the United States Attorney's Office, who informed this Court that Ms. Finley was still waiting on Mr. Dauphin's client, Travis Gallien, to resolve certain state court issues before the government's sentencing memoranda could be finalized and submitted to the Court. On October 17, 2011, Ms. Hardwick informed this Court's staff by telephone that Travis Gallien was still trying to resolve certain state court sentencing issues.

On October 18, 2011, this Court issued four Minute Entries [Docs. 220, 221, 222, & 223] ordering the parties to contact the court to set sentencings and ordering that any supplemental briefs be filed within 10 days or be deemed waived. Finally, the parties were ordered to advise the Court,

in writing, within 10 days if they were of the opinion that this matter should not be set for sentencing and set forth, with particularity, the reasons to support that opinion.

On November 1, 2011, this Court received a revised PSI with respect to Travis Gallien from the probation officer. The government's sentencing memorandum was filed on November 2, 2011 [Doc. 228], and on November 2, 2011, this Court subsequently received supplemental sentencing memoranda on behalf of each of the defendants.

After reviewing the instant motions, it is unclear to this Court whether the defendants are attempting to re-argue, yet again, that the delay in this case to which they object is the delay from the original date of arrest for each defendant to the present day.[3] To the extent such arguments are asserted by any defendant, this Court has already denied such arguments. Rather, this Court believes the focus of the instant motions is the defense argument that defendants' speedy trial rights were violated by virtue of the delay between the guilty pleas of each defendant on March 3, 2009 to the present day. It is this argument that the Court will address and resolve in this ruling.

## II. Law and Analysis

It is undisputed the Sixth Amendment right to a speedy trial applies from arrest through sentencing. *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481 (1957) ("We will assume arguendo that sentence is part of the trial for purposes of the Sixth Amendment."). However, the Speedy Trial Act does not mention a time factor applicable to sentencing following a conviction. Additionally, the Supreme Court has indicated the time for sentence is "not at the will of the judge," as Rule 32 of the Federal Rules of Criminal Procedure requires the imposition of sentence "without

---

[3] Indeed, in his motion, George Celestine references his previous Speedy Trial motions, while Telly Gallien argues he has been denied the right to a "speedy trial and sentence." *See* Doc. 226, p. 2 (emphasis added).

[unnecessary] delay."[4] In *Pollard*, the Court noted that "[w]hether delay in completing a prosecution such as here occurred amounts to an unconstitutional deprivation of rights depends upon the circumstances." 354 U.S. at 361, citing *Beavers v. Haubert*, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 (1905); *Frankel v. Woodrough*, 7 F.2d 796, 798 (8th Cir. 1925). Interpreting *Pollard*, the Fifth Circuit has stated " unreasonable delay in sentencing may constitute a violation of a defendant's Sixth Amendment right to a speedy trial." *Pollard v. United States*, 1957, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393.

In assessing whether there has been an "unnecessary delay" in the sentencing of a defendant, the Supreme Court has enunciated four factors that should be considered: (1) the length of delay; (2) the reason for the delay; (3), whether a defendant has asserted his Sixth Amendment right; and (4) whether prejudice to a defendant has resulted from the delay. *United States v. Campbell*, 531 F.2d 1333, 1335 (5th Cir. 1976), citing *Barker v. Wingo*, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.[5] A defendant need not necessarily show affirmative prejudice or any particular one of these factors to justify a finding by the court that there has been a denial of his right to a speedy trial.

---

[4] Although the actual quote in *Pollard* states sentence shall be imposed "without *unreasonable* delay," Rule 32 has been amended since 1957, the year *Pollard* was decided, to indicate sentence must be imposed "without *unnecessary* delay." To wit, Rule 32(b) of the Federal Rules of Criminal Procedure states:

> **(b) Time of Sentencing.**
>
> **(1) In General.** The court must impose sentence without unnecessary delay.
>
> **(2) Changing Time Limits.** The court may, for good cause, change any time limits prescribed in this rule.

Fed. R. Cr. P. 32(b)(1) & (2).

[5] This Court notes the factors to be considered by the Court in determining whether there has been an "unnecessary delay" in sentencing are the same factors the court considers in ascertaining whether any other violation of the speedy trial right has occurred.

*Campbell*, 531 F.2d at 1335, *citing Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973).

This Court will now analyze each factor, and the circumstances of this case with respect to each defendant, to determine whether an "unnecessary delay" in sentencing has occurred with respect to any defendant.

### 1. The length of the delay

Citing the Supreme Court, the Fifth Circuit has held the first factor serves as a "triggering mechanism." *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993), *citing Barker*, 407 U.S. at 530, 92 S.Ct. at 2191. Thus, if the length of delay reaches a threshold level regarded as "presumptively prejudicial," the court must make findings regarding the remaining three factors and balance all accordingly. *Robinson*, 2 F.3d at 568, *citing Barker*, 407 U.S. at 530, 92 S.Ct. at 2191. This circuit generally requires a delay of one year to trigger speedy trial analysis. *Robinson*, 2 F.3d at 568, *citing Nelson v. Hargett,* 989 F.2d 847, 851 (5th Cir.1993). The relevant period of delay is that following accusation, either arrest or indictment, whichever occurs first. *Robinson*, 2 F.3d at 568, *citing Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975).

In the instant case, this Court has already rejected defendants' arguments that their speedy trial rights were violated with respect to the delay between their arrests and the time they eventually pled guilty on the first day of trial. Therefore, the relevant delay for purposes of the instant motions is the date the defendants entered their guilty pleas and the current time, considering that the defendants have not yet been sentenced.

The record shows all four defendants in this matter entered guilty pleas on March 3, 2009. Therefore, thus far, there has been an approximate 34-month delay in sentencing to date.

Consequently, the delay thus far requires examination of the remaining factors.

Before moving onto the remaining factors, this Court notes the delay itself is merely presumptive and does not warrant an immediate conclusion that the defendant has been denied his Sixth Amendment right to a speedy trial. *Robinson*, 2 F.3d at 568, *citing United States v. Carter*, 603 F.2d 1204, 1207 (5th Cir.1979). Rather, in assessing whether the delay is "unnecessary," the conduct of the defendants must be weighed against that of the government. *Carter*, 603 F.2d at 1207.

### 2. The reason for the delay

With respect to the reason for the delay, the Fifth Circuit has noted "different weights should be assigned to different reasons." *United States v. Frye*, 489 F.3d 201, 210 (5th Cir. 2007), *citing Barker*, 407 U.S. at 531, 92 S.Ct. 2182. Weighed most heavily against the government are "deliberate attempt[s] to delay the trial in order to hamper the defense." *Id.* Other more neutral reasons, such as overcrowded court dockets, are weighed less heavily. Valid reasons, such as tracking down a missing witness, will actually justify the delay and will not be weighed against the government. *Id.*

In *Robinson*, the Fifth Circuit noted the defendant complained the state "neglected" to discharge its constitutional duty to secure him for trial, pointing out the defendant did not charge the state with a deliberate attempt to delay the trial, and the record would not support such a charge even if he had. The court explained that, if established, a deliberate delay by the state would weigh heavily against it under the *Barker* analysis. *Robinson*, 2 F.3d at 569, *citing Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. Ultimately, the court concluded the state's failure to act during the pre-indictment period – which resulted in a delay of 44 months between arrest and trial -- constituted "simple

10

negligence" on the part of the state. The Fifth Circuit noted the Supreme Court has instructed that a "neutral reason" such as negligence weighs less heavily against the state. *Robinson*, 2 F.3d at 569, *citing Barker*, 407 U.S. at 531, 92 S.Ct. at 2192.

Defendants George Celestine and Telly Gallien – who are the only defendants to file separate memoranda arguing their entitlement to a dismissal of the indictment on speedy trial grounds with respect to sentencing[6] -- argue sentencing has not occurred because of the government's "negligence," without providing specific incidents of negligence or actions on the part of the government suggesting the government intentionally delayed the sentencings.

A review of the record shows that between March 2009 and August 2009, all defendants requested extensions of time to file sentencing memoranda, and Travis, Sidney and Telly Gallien also filed motions for extension of time to file out-of-time objections to their PSIs. Therefore, the 5-month delay between the guilty pleas in March 2009 and the completion of all sentencing briefing in August 2009 was the result of *defense* motions for extensions of time. In August 2009, the government then requested an extension of time to respond to the defense sentencing briefs and to obtain the "exhibits" and "evidence" referenced in certain defense briefs. As defendants had been granted similar extensions, by order dated August 25, 2009, this Court ordered all evidence and exhibits be produced to the government so it could file its sentencing memorandum. By February 2010, when this Court inquired as to the status of the government's brief, the government responded that defense counsel had not provided the requested information, a fact that has not been refuted by

---

[6] Defendants Sidney and Travis Gallien filed "me too" motions, adopting the arguments of their co-defendants in their motions and setting forth no additional, independent arguments in support of their requests for relief. This Court has already cautioned against such practice and again admonishes the defendants for their continued use of this practice.

11

any defendant. Thus, the foregoing delay – from August 2009 to February 2010, a period of 6 months – was the result of the *defendants'* failure to comply with a court order to produce all sentencing exhibits to the government.

Additionally, in its response brief, the government argues that during the delay between the guilty pleas and the present day, both the government and defense counsel were working toward resolving issues related to sentencing. For example, the government argues all defendants requested that the government insert language in their guilty pleas relating to cooperation provided to the government. The government argues, because this Court had instructed that all matters related to cooperation be resolved prior to sentencing so there would be no delays once the sentencings were set, the delay was intended to allow the maximum benefit for sentencing mitigation for all defendants.

The Court's correspondence and contact with the United States Attorney's Office supports the government's argument. Two inquiries from this Court – the first on July 28, 2010 and the second in late December 2010 or early January 2011 – show the Court was attempting to discern the status of the government's sentencing brief. In response to the Court's inquiry in December 2010 or early January 2011, the Court was told government counsel was meeting with William Dauphin, Travis Gallien's attorney, the following week. It is apparent from the government's sentencing brief that those discussions pertained to certain charges pending against Travis Gallien in state court, which the government was attempting to allow Mr. Gallien to resolve prior to his sentencing in federal court, a circumstance which, no doubt, benefits Mr. Gallien and not the government.

Considering the foregoing, this Court is unable to determine the delay in sentencing between February 2010 and the present day was occasioned by the government's negligence. Rather, this

12

Court concludes the government was attempting to resolve certain issues related to sentencing – including the cooperation of the defendants and the resolution of Travis Gallien's charges pending in state court – prior to sentencing. This Court notes the foregoing circumstances do not demonstrate either a deliberate attempt by the government to delay sentencing in this matter, or negligence on the part of the government. Rather, this Court concludes the delay was occasioned by a combination of defense conduct – either in requesting additional time to resolve sentencing matters or in failing to comply with court orders related to sentencing matters – and the government's attempts to resolve sentencing-related issues prior to sentencing. Thus, this factor does not weigh in the defendants' favor.

### 3. Whether a defendant has asserted his Sixth Amendment right

The third factor – assertion of the right – places the burden on the defendant to alert the government of his grievances. The Fifth Circuit has held the assertion of the speedy trial right "is entitled strong evidentiary weight" under the *Barker* test. *Robinson*, 2 F.3d at 569, *citing Barker*, 407 U.S. at 532, 92 S.Ct. at 2192. As the Fifth Circuit noted in *United States v. Palmer*, 537 F.2d 1287, 1288 (5th Cir.1976), *cert. denied*, 434 U.S. 1018, 98 S.Ct. 738, 54 L.Ed.2d 764 (1978): "[T]he point at which the defendant asserts his right is important because it may reflect the seriousness of the personal prejudice he is experiencing." In *Palmer*, the Fifth Circuit considered the defendant's silence during the twenty-two months before his indictment as a factor weighing against him. *Id.* at 1288; *see also United States v. Avalos*, 541 F.2d 1100, 1115 (5th Cir.1976).

In the instant case, Mr. Celestine argues he has sufficiently asserted his speedy trial right by filing his first Motion to Dismiss Indictment – which pertained to the period between arrest and plea – and the instant motion. However, the first motion to dismiss indictment filed by the defendants

13

was denied by this Court. Similarly, Telly Gallien argues he has "frequently and vehemently sought dismissal with prejudice and complained of the violation of [his] right to a speedy trial and disposition of this case." However, Mr. Gallien has not pointed to any specific motion he has filed – other than the foregoing passing reference to his previously-filed Motion to Dismiss, which was denied – requesting that his case be set for sentencing.[7]

In the instant case, this Court notes all four defendants remained silent during the entire period between August 2009 – when all objections to the PSI had been filed and their sentencing memoranda had been completed – until October 18, 2011, when this Court ordered that all parties contact the Court within 10 days to set the matter for sentencing. This Court construes the silence of all defendants with respect to the assertion of their speedy trial rights between August 2009 and October 2011 weighs against a finding that the defendants adequately and sufficiently asserted their speedy trial rights with respect to the timing of sentencing.

4.   **Whether prejudice to a defendant has resulted from the delay**

The final *Barker* factor inquires into the degree of prejudice suffered by a defendant due to the delay in prosecution. The Supreme Court in *Doggett v. United States,* 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), has modified its analysis under this factor. In *Doggett,* the Court stated that "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Id.* 505 U.S. at 655, 112 S.Ct. at 2692. It pointed out that there are situations when "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove, or for that matter, identify." *Id.* 505 U.S. at 655, 112 S.Ct. at 2693. In *Robinson,* the Fifth Circuit relied upon

---

[7] Defendants Travis Gallien and Sidney Gallien have filed motions adopting the motions of their co-defendants and, therefore, do not make specific arguments on behalf of themselves.

the Supreme Court's analysis in *Doggett* to discuss three hypotheticals to illustrate the role of presumptive prejudice:

> The Court described three situations in which a defendant would have to show varying degrees of prejudice. *Id.* The defendant's degree of proof in each situation varies inversely with the government's degree of culpability for the delay. *Id.* Thus, in the first case, where the government was reasonably diligent in its efforts to bring the defendant to trial, the defendant must show "specific prejudice to his defense." *Id.* This is so, according to the Court, no matter how great the delay. *Id.* On the other hand, if the defendant can show that the government intentionally held back its prosecution in order to gain an impermissible tactical advantage, then the defendant would "present an overwhelming case for dismissal." *Id.*
>
> "Official negligence" occupies the "middle ground," according to the Court. *Id.* When the government's conduct is neither diligent nor malicious but simply negligent, the court must perform yet another balancing to determine the weight to be accorded such negligence. *See Id.* This balancing requires the court to determine what portion of the delay is attributable to the government's negligence and whether this negligent delay is of such a duration that prejudice to the defendant should be presumed. *Id.* The weight given to the government's negligence varies directly with its protractedness and its consequent threat to the fairness of the accused's trial. *Id.*

*Robinson*, 2 F.3d at 570.

In the instant case, as has been discussed elsewhere in this ruling, the defendants argue the government was "negligent" in failing to timely file its sentencing memo, which delayed sentencing. This Court has already concluded the government was not negligent in failing to file its sentencing memorandum. Rather, this Court has concluded the defendants created and requested a certain portion of the delay and that certain defendants failed to comply with this Court's order to supply exhibits and document to the government. The government, also, delayed the filing of its memorandum in an effort to resolve certain cooperation issues and other issues related to Travis Gallien's state court charges prior to sentencing in this matter, and not unreasonably desired to have all sentencing issues and sentencing of the defendants go forward together given the close familial

15

ties involved and overlapping and intertwined factual scenario.[8] Thus, this Court concludes the government was "reasonably diligent" in its efforts to bring the defendants for sentencing. Therefore, pursuant to *Robinson*, the defendants must show "specific prejudice to [their] defense." 2 F.3d at 570.

In the instant case, Mr. Celestine argues that, due to the delay between his guilty plea and the present time, he has been subjected to oppressive pre-trial incarceration, anxiety engendered by the pending charges, and impairment of his defenses. However, the record does not support Mr. Celestine's argument. Mr. Celestine *has never been incarcerated in connection with the instant indictment*. After his initial appearance and arraignment on October 5, 2006, Mr. Celestine was released on bond and ordered to comply with certain conditions of release. Thus, Mr. Celestine has not been prejudiced by being detained pending sentencing. Additionally, Mr. Celestine's argument that he has been subjected to anxiety related to the pending charges is undercut by his failure to request – or even inquire about – the status of his sentencing date. Indeed, Mr. Celestine, like all the other defendants in this case, has never inquired about the status of his sentencing date. Mr. Celestine's silence belies his argument that he has suffered extreme anxiety as a result of not being sentenced.

Finally, Mr. Celestine's argument that he would have had a more realistic opportunity to obtain a post-sentence reduction for cooperation "if that is what he sought to do" is belied by the fact that Mr. Celestine has not cooperated with the government by debriefing his guilty plea. In essence, Mr. Celestine simply has not presented sufficient reliable evidence of prejudice that warrants the dismissal of the indictment in this matter.

---

[8] Certain of the defendants are brothers, cousins, and one an uncle of the other defendants.

Nor, have the other defendants, for that matter, submitted sufficient proof of prejudice. The only other defendant to submit an independent motion asserting independent reasons for relief is Mr. Telly Gallien, and his motion is similarly unsupported with evidence of prejudice. Although Mr. Gallien argues his prejudice was "substantial," causing him to suffer more than 30 months of "additional anxiety and fear as he awaited an uncertain fate following [his] plea," like Mr. Celestine, the failure of Mr. Gallien to even inquire as to the status of his pending sentencing undercuts his argument.

This Court notes none of the defendants were detained following their initial appearances and arraignments in connection with the instant indictment. All defendants have been free on bond since the dates of their initial appearances and arraignments, and although they have had to comply with conditions of release in connection with their being adjudged guilty of their respective crimes after pleading guilty, this Court concludes the burden placed upon each defendant in this case in connection with those conditions is no different from the burdens placed upon all defendants who are convicted of a crime and not immediately sentenced.

Finally, this Court notes the government argues that not only has there been no prejudice to the defendants occasioned by the delay in sentencing, the defendants have actually benefitted from the delay, as they now will benefit from the passage of the Fair Sentencing Act, which will result in a recalculation of their guidelines ranges pertaining to crack cocaine and which will potentially result in lower sentences.

Considering the foregoing,

For the foregoing reasons, the "Defendant's Second Motion to Dismiss Indictment," filed by George Celestine [Doc. 224]; (2) "Motion and Incorporated Memorandum to Dismiss Indictment

or Alternatively to Discharge Telly Gallien from Custody," filed by Telly Gallien [Doc. 226]; (3) "Motion to Adopt Co-Defendant's Second Motion to Dismiss Count of the Indictment and the Accompanied Memorandum in Support of the Second Motion to Dismiss the Indictment and Co-Defendant Telly Gallien's Motion to Dismiss Defendant from Custody" filed by Sidney Gallien [Doc. 227]; and (4) "Motion to Adopt and Join Co-Defendant's Motions to Dismiss" filed by Travis Gallien [Doc. 229] are DENIED.

IT IS FURTHER ORDERED that Telly Gallien's request for "discharge from custody" is DENIED AS MOOT.

In light of the foregoing ruling, it is ORDERED that counsel for the defendants jointly contact this Court within ten days of the date of this ruling for the purpose of selecting a sentencing date in this matter.

THUS DONE AND SIGNED this ___9___ day of December, 2011, at Lafayette, Louisiana.

_____
JUDGE REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE